FRANK A. WEISER, (Bar No. 89780)
Attorney at Law
3460 Wilshire Blvd., Ste. 1212
Los Angeles, California 90010
(213) 384-6964 - (voice)
(213) 383-7368 - (fax)
maimons@aol.com - (e-mail)

Attorney for Plaintiffs
APARTMENT ASSOCIATION
OF GREATER LOS ANGELES,
in its representative capacity
on behalf of its association
members; CITY OF LOS ANGELES
AIHM HOTEL/MOTEL ASSOCIATION,
in its representative capacity on behalf of
its association members; BALUBHAI G.
PATEL; HAROLD GREENBERG

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| APARTMENT ASSOCIATION OF GREATER LOS ANGELES, in its representative capacity on behalf of its association members; HYW Limited Partnership, CITY OF LOS ANGELES HOTEL/MOTEL ASSOCIATION, in its representative capacity of behalf of its association members; BALUBHAI G. PATEL; HAROLD GREENBERG,<br><br>    Plaintiffs,<br>v<br><br>CITY OF LOS ANGELES, a municipal corporation; AND DOES 1 THROUGH 10 INCLUSIVE,<br><br>    Defendants. | Case No. CV20-4479-ODW-JEM<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES; DECLARATORY AND INJUNCTIVE RELIEF**<br><br>[Violation of Federal Civil Rights - 42 U.S.C. Section 1983]<br><br>**DEMAND FOR JURY TRIAL** |

1

Pursuant to Federal Rule of Civil Procedure Rule 15(a), Plaintiffs APARTMENT ASSOCIATION OF GREATER LOS ANGELES, in its representative capacity on behalf of its association members; CITY OF LOS ANGELES AIHM HOTEL/MOTEL ASSOCIATION, in its representative capacity on behalf of its association members; BALUBHAI G. PATEL; HAROLD GREENBERG ("Plaintiffs," or individually "AAGLA," "AIHM," "PATEL," and "GREENBERG") hereby file the following First Amended Complaint and state and allege as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of the federal court exists pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1343 (a)(3). This action, which arises under the laws and Constitution of the United States, specifically, under the First, Fourth, Fifth and Fourteenth Amendments, and the Contract Clause under Article I of the United States Constitution, involves violations of federal law actionable pursuant to 42 U.S.C. Section 1983.

2. Venue is proper in this District pursuant to 28 U.S.C. Section 1391(b) in that Defendant CITY OF LOS ANGELES ("Defendant" or "City"), is a public entity in this District and the claims arose in this District.

## PARTIES

3. AAGLA is a trade association members consisting of apartment owners. and Southern California's leading advocate for affordable quality housing and housing issues whose principal place of business is 621 Westmoreland Avenue, Los Angeles, CA 90005.

AAGLA sues herein in its representative capacity for its members who own and operate apartments in the City of Los Angeles and sue for declaratory and injunctive relief onlt.

4. AIHM is a trade association consisting of hotel and motel owners and operators in the City of Los Angeles and whose principal place of business is in Los Angeles, CA. AIHM sues herein in its representative capacity for its members who own and operate hotel and motels in the City of Los Angeles and sue for declaratory and injunctive relief onlt.

5. PATEL is a leading member of AIHM and, is at all times relevant herein, an owner and operator of multiple hotels and motels in the City of Los Angeles.

6. GREENBERG is an attorney and leading member of AAGLA and, is at all times relevant herein, an owner and operator of apartments in the City of Los Angeles.

7. The City is a municipal corporation formed and operating under its local charter and the laws of the State of California.

8. The true names and capacities, whether individual, corporate, associate or otherwise, herein named as DOES 1 through 10, and persons heretofore unknown involved in the actions taken against plaintiffs are unknown to him at this time. Plaintiffs are informed and believe and based thereon alleges that each of the DOE defendants is responsible in some manner for the occurences herein referred to, and that plaintiffs' injuries and damages as herein alleged were proximately caused by those defendants. Plaintiffs sue said defendants by such fictitious names on the grounds that the true names and capacities of said defendants are unknown to them at this time. Plaintiffs will amend this complaint when the true names and capacities of said DOE defendants are ascertained. Each reference in this complaint to "defendant", "defendants" or a specifically named

defendant also refers to defendants sued under fictitious names.

9. On April 8, 2014, the City passed Ordinance No. 182986 ("Ordinance") Ordinance. Through this ordinance, the City fundamentally transformed how solid waste would be collected from commercial establishments and multifamily dwellings in the City - moving from an open market, competitive system to a system that awarded waste haulers the exclusive right to provide collection services within their "franchise zones". The exclusive franchise system that ultimately resulted from the ordinance, was originally labeled "Zero Waste LA" or, more specifically, the "Zero Waste LA Exclusive Franchise Sysyem"; however, in or about June of 2017, the program was renamed as "recycLA," which is how the program is referred today.

10. The ordinance requires that (i) all commercial establishments and multifamily dwellings subscribe to and pay for waste collection services; (ii) provides that the City may award exclusive franchise agreements for the provision of waste collection services to commercial establishments and multifamily dwellings; and (iii) makes it unlawful for anyone to provide collection services to commercial establishments and multifamily dwellings unless the person has a written franchise agreement with the City. A copy of the ordinance is attached hereto as Exhibit "A".

11. Prior to recycLA, commercial establishments and multifamily dwellings could select from any City permitted waste hauler, who would compete for business based on service and price. With recycLA, the City moved to an exclusive franchise system controlled by the City.

4

12. The ordinance requires that each franchise agreement with a waste hauler include a negotiated annual franchise fee which is to be paid to the City by the respective franchisee, making the franchise agreements renewable annually by the City upon contingent on the payment of the annual franchise fee by the franchisee

13. As a result of the ordinance, only seven (7) franchisees presently operate in the City, providing services under the ordinance to commercial establishments and multifamily dwellings.

13. The recycLA program has led to systematic abuses by the City, which continue until the present, and include but are not limited to, (i) awarding franchise agreements to a small limited amount of franchisees in private with staff members and city employees negotiating the agreements and not in open public or City Council hearings or review by an appeal process; (ii) charging the franchisees annual franchise fees that benefit the City in revenue collected in the millions of dollars annually that are then passed on to the commercial establishments and multifamily dwellings subject to the ordinance in addition to collection charges for services rendered; (iii) allowing franchisees to add additional pass thru charges to commercial establishments and multifamily dwellings in addition to the base rates charged for in providing services.

14. There is no mechanism under the ordninance which permits or allows the commercial establishments and multifamily dwellings subject to the ordinance to appeal the fees charged by the franchisees, or to permit a variance from the ordinance to negotiate with alternative waste haulers, and as a result of the ordinance it is unlawful under the

5

ordinance for plaintiffs to enter into waste hauling agreements with other waste haulers other than the franchisees.

15. As a result of the ordinance, AAGLA'S members and AIHM'S members, including PATEL and GREENBERG, who are subject to the ordinance, have seen their monthly trash hauling charges increase by approximately 200% to 400% of their trash hauling charges before the adoption of the ordinance.

16. Such monthly trash hauling charges increases described above have continuously increased annually, from the adoption of the ordinance until the present for AAGLA'S members and AIHM'S members, including PATEL and GREENBERG, resulting in great economic hardship and losses to them.

17. Pursuant to the ordinance at section 66.17.1, AAGLA'S members and AIHM'S members, including PATEL and GREENBERG, who are subject to the ordinance, are required to furnish written proof, whether in the form of contracts or receipts, to the City upon request, and without a court order, subpoena, or consent, that their properties maintain collection services that complies with the requirements of the ordinance and current health regulations.

18. Pursuant to the ordinance at section 66.33.3(a), and AAGLA'S members and AIHM'S members, including PATEL and GREENBERG, violation of the of ordinance is unlawful and is further are subject to Los Angeles Municipal Code ("LAMC") section 11.00 which imposes severe criminal and civil penalties for anyone who violates provisions of the LAMC.

Based on the above facts, Plaintiff alleges the following claims:

### FIRST CLAIM FOR RELIEF

**(Violation of Civil Rights Under 42 U.S.C Section 1983 by All Plaintiffs Against All Defendants)**

19.. Plaintiffs realleges and incorporate herein by reference to each and every allegation contained in Paragraphs 1 through 18, and all its subparts, inclusive, as set forth hereinabove.

20. Plaintiffs are informed and believe, and based upon such information and belief alleges, that in doing all of the things herein mentioned, the City and defendants, and each of them, acted under color of the statutes, regulations, customs and usages of the City of Los Angeles, and the State of California for purposes of "state action" and "color of law" under 42 U.S.C. Section 1983.

21. Plaintiffs further are informed and believe, and based upon such information and belief allege, that by taking the actions hereinabove alleged in paragraphs 1-18 above, the City and defendants, and each of them, violates and further threatens to violate the constitutional and civil rights of Plaintiffs, in particular its individual rights under the First and Fourteenth Amendments of the United States Constitution in violation of the Petition and Grievaces Clause; the Fourth and Fourteenth Amendments of the United States Constitution in violation of the Search and Seizure Clause; the Fifth and Fourteenth Amendments of the United States Constitution in violation of the United States Constitution Takings Clause in that it takes Plaintiffs' property without just compensation; and violates and further threatens to violate the substantive and procedural components of the Due Process Clause of the Fourteenth

Amendment of the United States Constitution, the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and the Contract Clause; and under Article I of the United States Constitution.

22. The City's actions described in paragraphs 1-21 above were done pursuant to official policy, custom, or practice of the City.

23. As a proximate result of the foregoing acts of defendants, and each of them, AAGLA'S members and AIHM'S members, and PATEL and GREENBERG, are threatened to suffer extreme hardship and damages, which damages include, to PATEL and GREENBERG, economic and non-economic damages according to proof at trial but believed to be not less than $5,000,000.00, and entitling AAGLA and AIHM suing on behalf of its members, and PATEL and GREENBERG, to appropriate declaratory and injunctive relief against all the defendants, that includes but is not limited to a permanent injunction preventing further operation of the ordinance; and to its reasonable attorneys fees under 42 U.S.C. section 1988.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

**FIRST CLAIM FOR RELIEF**

1. For damages for PATEL and GREENBERG according to proof at trial;

2. For declaratory and injunctive relief;

3. For attorney's fees pursuant to 42 U.S.C. Section 1988;

4. For costs of suit; and

5. For such other and further relief as the Court deems just and proper.

DATED: October 26, 2020          LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
FRANK A. WEISER, Attorney for Plaintiffs APARTMENT ASSOCIATION OF GREATER LOS ANGELES, in its representative capacity on behalf of its association members; CITY OF LOS ANGELESAIHM HOTEL/MOTEL ASSOCIATION, in its representative capacity on behalf of its association members; BALUBHAI G. PATEL; HAROLD GREENBERG

9

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial pursuant to F.R.C.P. 38.

DATED: October 26, 2020

LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser
FRANK A. WEISER, Attorney for
Plaintiffs APARTMENT ASSOCIATION
OF GREATER LOS ANGELES, in its
representative capacity on behalf of its
association members; CITY OF LOS
ANGELESAIHM HOTEL/MOTEL
ASSOCIATION, in its representative capacity
on behalf of its association members;
BALUBHAI G. PATEL; HAROLD
GREENBERG