**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| APARTMENT OF ASSOCIATION OF GREATER LOS ANGELES, in its representative capacity on behalf of its association members; et al., | No.  21-55623 |
| | D.C. No. 2:20-cv-04479-ODW-JEM |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM* |
| CITY OF LOS ANGELES, a municipal corporation; DOES, 1 through 10 inclusive, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted April 4, 2022
Pasadena, California

Before:  SCHROEDER, S.R. THOMAS, and BEA, Circuit Judges.

Two trade organizations and a member from each—Apartment Association

of Greater Los Angeles, City of Los Angeles AIHM Hotel/Motel Association,

Balubhai Patel, and Harold Greenberg (collectively, "Plaintiffs")—brought a civil

---

        *        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

rights action pursuant to 42 U.S.C. § 1983 against the City of Los Angeles ("LA" or the "City"), which challenged the constitutionality of LA's Municipal Ordinance No. 182986 (the "Ordinance").  The district court dismissed Plaintiffs' first amended complaint with prejudice.  We have jurisdiction under 28 U.S.C. § 1291 and affirm, except that we vacate the district court's dismissal of Plaintiffs' Fourth Amendment claim with prejudice and direct the district court to dismiss that claim for lack of Article III standing without prejudice.

## I.

Plaintiffs allege that the Ordinance requires commercial establishments and multifamily dwellings to subscribe to and pay for waste collection services; provides that the City may award exclusive franchise agreements for the provision of waste collection services to commercial establishments and multifamily buildings; and makes it unlawful for anyone to provide collection services to commercial establishments and multifamily dwellings unless that person has a written franchise agreement with the City.[1, 2]

---

[1] Because the parties are familiar with the facts of this case, we do not recite them here unless necessary to provide context for our ruling.

[2] We grant the City's motion for judicial notice of a contract between the City of Los Angeles and Arakelian Enterprises concerning disposal services (Dk. No. 22).  *See* Fed. R. Evid. 201; *Disabled Rts. Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (taking judicial notice of a contract between a state entity and private party).

A.

The district court properly dismissed Plaintiffs' claim that the Ordinance violated the Fourth Amendment's prohibition on unreasonable searches because Plaintiffs failed to allege facts sufficient to establish Article III standing. Plaintiffs' Fourth Amendment claim was predicated on a "show-your-receipt" requirement that the Ordinance added to the Los Angeles Municipal Code ("LAMC"):

> [T]he manager or person in charge of, or in control of, any solid waste of any residential premises or commercial establishment shall furnish written proof, whether in the form of contracts or receipts, to any appropriate municipal authority on request that said premises maintains collection services that collects solid waste generated from said premises in a manner in keeping with current health regulations and in compliance with the requirements of this Article and other provisions of the Los Angeles Municipal Code.

LAMC § 66.17.1.

"An 'injury in fact' as needed for Article III standing must be '(a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.'" *Skyline Wesleyan Church v. Cal. Dep't of Managed Health Care*, 968 F.3d 738, 747 (9th Cir. 2020) (citation omitted). Where, as here, Plaintiffs seek to challenge a policy that has not yet been enforced against them, Plaintiffs must establish a "genuine threat of imminent prosecution." *Thomas v. Anchorage Equal Rts. Comm'n*, 220 F.3d 1134, 1139 (9th Cir. 2000) (citation omitted); *see also Unified Data Servs., LLC v. Fed. Trade Comm'n*, 39 F.4th 1200, 1210 (9th Cir. 2022).

3

"[N]either the mere existence of a proscriptive statute nor a generalized threat of prosecution satisfies the 'case or controversy' requirement." *Thomas*, 220 F.3d at 1139 (citation omitted). "In evaluating the genuineness of a claimed threat of prosecution, we look to [1] whether the plaintiffs have articulated a 'concrete plan' to violate the law in question, [2] whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and [3] the history of past prosecution or enforcement under the challenged statute." *Id.* (citation omitted).

Plaintiffs' operative complaint falls far short of alleging a genuine threat of imminent prosecution. Plaintiffs allege that because they "are subject to the ordinance," they would be "required to furnish written proof . . . to the City upon request." Plaintiffs also allege that they "are subject to [LAMC] section 11.00[,] which imposes severe criminal and civil penalties for anyone who violates provisions of the LAMC." But Plaintiffs do not allege that any "municipal authority" has ever "request[ed]" that Plaintiffs or any of their members "furnish written proof" of compliance with the Ordinance. LAMC § 66.17.1. Plaintiffs also fail to allege that the "show-your-receipt" requirement has ever been enforced against anyone (or has ever been threatened to be enforced, or that anyone has ever been warned about the possibility of enforcement). Plaintiffs do not even allege that, if written proof were requested by an "appropriate municipal authority," they

4

would refuse to "furnish" it.[3]

B.

The district court properly dismissed Plaintiffs' due process claim.  Plaintiffs argue that "[t]he failure of the ordinance to provide any hearing process in demanding records before imposing civil or criminal penalties under the ordinance . . . violates fundamental procedural due process principles" under the familiar three-part balancing test of *Matthews v. Eldridge*, 424 U.S. 319 (1976).  But Plaintiffs have not alleged that any civil or criminal penalties have been imposed against them or that any authority has ever demanded records from them.  Thus, for the same reasons that Plaintiffs do not have standing to bring their Fourth Amendment challenge, they do not have standing to argue that their due process rights have been violated.[4]

---

[3] Plaintiffs rely on *City of Los Angeles v. Patel*, 576 U.S. 409 (2015), to argue that they "have standing to challenge the search scheme under the Ordinance."  But Article III standing was not at issue in that case.  Unlike here, the parties in *Patel* "stipulated that [the plaintiffs] have been subjected to mandatory record inspections under the ordinance without consent or a warrant."  *Id.* at 413–14.

[4] The district court found that "Plaintiffs' procedural due process claim is somewhat unclear" and considered two theories that Plaintiffs might have meant to allege: (1) "that they should have been given notice and a hearing before the Ordinance was enacted," and (2) "that they should be given notice and a hearing before having to provide evidence of compliance with the Ordinance" (or facing a penalty for failing to do so).  We construe Plaintiffs' opening brief as advancing the second theory.  To the extent Plaintiffs meant to challenge the district court's dismissal of their due process claim under the first theory, we agree with the

5

C.

The district court properly dismissed Plaintiffs' taking claim brought under the Fifth and Fourteenth Amendments.  First, Plaintiffs have failed to allege facts sufficient to state a claim that the Ordinance results in a physical invasion of their property.  Plaintiffs allege that the amount they pay third-party waste collection services has increased following the passage of the Ordinance.  But Plaintiffs do not allege that the Ordinance causes money to be "transferred from the [Plaintiffs] to the [City]."  *See Horne v. Dep't of Agric.*, 576 U.S. 350, 361 (2015).

Second, Plaintiffs have failed to allege facts sufficient to state a regulatory taking claim under *Penn Central Transportation Co. v. City of New York*, 438 U.S. 104 (1978).  "*Penn Central* instructs us to consider [1] the regulation's economic impact on the claimant, [2] the extent to which the regulation interferes with distinct investment-backed expectations, and [3] the character of the government action."  *Colony Cove Props., LLC v. City of Carson*, 888 F.3d 445, 450 (9th Cir. 2018) (citation and internal quotation marks omitted).  Plaintiffs allege that due to the Ordinance their trash hauling expenses have increased 200–400% as compared to their expenses before the adoption of the Ordinance.  But an ordinance that results merely in the doubling or quadrupling of trash hauling expenses associated

district court's dismissal of that claim on the merits with prejudice for the reasons it stated.

6

with ownership of real property does not constitute a regulatory taking. *See id.* at 451 ("[D]iminution in property value because of governmental regulation ranging from 75% to 92.5% does not constitute a taking."). The district court correctly reasoned that those who buy into ownership of commercial buildings or multi-family residences cannot reasonably expect never to be subject to regulation regarding waste disposal. *See Hybud Equip. Corp. v. City of Akron, Ohio*, 654 F.2d 1187, 1192 (6th Cir. 1981) ("Courts in literally hundreds of reported cases have upheld the authority of local governments to monopolize and control local garbage collection by eliminating or restraining competition among private collectors."), *judgment vacated on other grounds*, 455 U.S. 931 (1982).

### D.

The district court properly dismissed Plaintiffs' Equal Protection Clause claim. Plaintiffs argue that the Ordinance violates the Equal Protection Clause because the Ordinance denies the owners of multi-unit residential buildings and commercial establishments the "right to contract in the open marketplace" for solid waste collective services, but "[t]his barrier . . . does not apply to single family barriers [*sic*] under the ordinance under §66.03b."

But "[s]ocial and economic legislation . . . that does not employ suspect classifications or impinge on fundamental rights must be upheld against equal protection attack when the legislative means are rationally related to a legitimate

2a4272d3160833da

governmental purpose." *Hodel v. Indiana*, 452 U.S. 314, 331 (1981).  Plaintiffs have provided no authority for the proposition that owners of multi-unit residential buildings and commercial establishments are members of a suspect class or that the Ordinance impinges a fundamental right.  The district court correctly concluded that "the Ordinance's classification easily passes the rational basis standard of review."  As the Ordinance states at § 66.33, the Ordinance seeks to ensure that solid waste is "transported and processed in a manner that reduces environmental and social impacts on the City" and the Ordinance imposes requirements specifically on commercial and multifamily buildings because those buildings "'produce most of the City's solid waste,' and 'a significant amount [of commercial and multifamily solid waste . . . , including recyclables and organics,] is going to landfills, resulting in unnecessary greenhouse gas emissions.'"

## II.

"We review for abuse of discretion a district court's decision to dismiss with prejudice." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citation omitted).  "In general, dismissal for lack of subject matter jurisdiction is without prejudice" because "'the merits have not been considered' before dismissal." *Id.* (quoting *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012)); *see also Fleck & Assocs., Inc. v. City of Phoenix*, 471 F.3d 1100, 1106–07 (9th Cir. 2006) (instructing the district court to dismiss a claim for lack of standing without

prejudice).  "[D]ismissal for lack of standing is a dismissal for lack of subject-matter jurisdiction."  *Hoffmann v. Pulido*, 928 F.3d 1147, 1152 (9th Cir. 2019).  Moreover, ordinarily "[c]laims should be dismissed with prejudice only when it is clear that no amendment could cure a defect in the complaint."  *City of Oakland v. Hotels.com LP*, 572 F.3d 958, 962 (9th Cir. 2009).

The district court dismissed Plaintiffs' Fourth Amendment claim "on the merits and with prejudice" because Plaintiffs failed to allege facts sufficient to establish Article III standing and because it determined that Plaintiffs failed to respond to the arguments in the City's motion to dismiss that Plaintiffs lacked standing.  However, the district court did not analyze Plaintiffs' Fourth Amendment claim "on the merits"—whether enforcement of the Ordinance's "show-your-receipt" requirement would constitute an unlawful search or seizure—but only for lack of standing.  Moreover, we cannot be certain, and the district court did not find, that Plaintiffs could not cure the standing defect of that claim by alleging additional facts.  We therefore vacate the district court's dismissal "on the merits and with prejudice" of Plaintiffs' Fourth Amendment claim, and remand to the district court with instructions to dismiss that claim without prejudice.[5]

---

[5] Although Plaintiffs' opposition to the City's motion to dismiss, below, did not contain persuasive or particularly cogent responses to the City's arguments about standing, Plaintiffs did argue that "the ordinance impacts them individually" and possibly meant to argue, although in error, that a facial challenge to an

We agree with the district court's reasoning that amendment could not cure Plaintiffs' due process, taking, and equal protection claims.[6]  The district court did not abuse its discretion in dismissing those claims with prejudice.

III.

For the reasons stated above, we **AFFIRM** the district court's dismissal of Plaintiffs' claims.  However, we **VACATE** the district court's dismissal with prejudice of Plaintiffs' Fourth Amendment claim and **REMAND** with instructions to dismiss that claim without prejudice.

_____

ordinance can be maintained "without [alleging] case specific facts" notwithstanding the requirements of Article III.

[6] While we hold that Plaintiffs lack standing for their due process claim, as we construe their theory of that claim on appeal, we affirm the district court's dismissal of that claim with prejudice.  Plaintiffs already amended that claim once. On appeal, Plaintiffs' brief does not clarify which, if either, of the two theories that the district court considered Plaintiffs mean to rely upon.  *See supra* footnote 4. We agree with the district court's dismissal on the merits with prejudice of the claim under one of those theories.  *See id.*  And what Plaintiffs would need to allege to establish standing for their due process claim on the other theory as we understand it—*viz.* that their due process rights were violated because the Ordinance and other provisions of the LAMC fail to provide for notice and a hearing before imposing civil or criminal penalties for noncompliance—is so far from the facts alleged in either their initial complaint or their first amended complaint that we agree, at this point, that further amendment could not cure the claim.